## Case No. 14,799.

UNITED STATES v. CLAFLIN et al.

[14 Blatchf. 55;[1] 22 Int. Rev. Rec. 395.]

Circuit Court, S. D. New York. Nov. 29, 1876.[2]

STATUTES — REPEAL — REVISED STATUTES—FINE—
HOW RECOVERABLE—ILLEGAL IMPORTATIONS.

1. The decision of the supreme court in Stockwell v. U. S., 13 Wall [80 U. S.] 531, was, that the 4th section of the act of July 18, 1866 (14 Stat. 179), did not effect such a repeal of the 2d section of the act of March 3, 1823 (3 Stat. 781), as took away the right of the United States to proceed under said 2d section, upon a cause of action which arose before the act of 1866 took effect.

[Cited in U. S. v. Jordan. Case No. 15,498.]

2. As to causes of action falling within the terms of the 2d section of the act of 1823, which arose after the passage of the act of 1866, and before the passage of the Revised Statutes of the United States, no suit can be maintained brought after the passage of the Revised Statutes.

[Cited in The T. W. Eaton. Case No. 8,612; Thommasen v. Whitwill. 12 Fed. 903.]

3. No recovery can be had under said 2d section in respect of any acts done after the enactment of the Revised Statutes.

4. The fine provided for in section 4 of the act of 1866, which is substantially identical with section 3082 of the Revised Statutes. cannot be recovered in a civil action, but must be imposed after a conviction on a trial for a crime.

[Error to the district court of the United States for the Southern district of New York.

[This was an action for a penalty by the United States against Horace B. Claflin and others.

[For an indictment against the same defendants. see Case No. 14,798.]

The opinion of the district court (BLATCH-FORD, District Judge,) was as follows:

"It is quite clear that the 2d section of the act of March 3, 1823 (3 Stat. 781), must be regarded as having been repealed by section 5596 of the Revised Statutes, (even if it had not been previously repealed,) on the ground that some portion of that act is embraced in the Revised Statutes, the provisions of the 1st section of that act being embraced in section 3099 of the Revised Statutes, and the provisions of the 2d section of that act not being embraced in any section of the Revised Statutes. The effect of such repeal is to destroy the right of the plaintiffs to recover under said 2d section in respect of any acts done after the enactment of the Revised Statutes. Therefore. counts 7, 9, 11 and 13 of declaration No. 2 are bad.

"By section 5597 of the Revised Statutes, it is provided. that the repeal of the several acts embraced in the Revised Statutes shall not affect any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause before the said repeal. but all rights and liabilities under the said acts shall continue, and may be enforced in the same manner as if said repeal had not been made; and, by section 5598, it is provided, that, all offences committed, and all penalties or forfeitures incurred under any statute, embraced in the Revised Statutes, prior to said repeal, may be prosecuted and punished in the same manner and with the same effect as if said repeal had not been made. Thereupon, the question arises, whether the 2d section of the act of 1823, on which the counts for double the value of the imported goods are founded in these cases, was in force at the time of the enactment of the Revised Statutes, or whether it had been superseded and virtually repealed by the enactment of the 4th and other sections of the act of July 18, 1866, (14 Stat. 179). It was decided by the supreme court in Stockwell v. U. S., 13 Wall. [80 U. S.] 531, that the penalty of double the value of the imported goods, imposed by the 2d section of the act of 1823, was not repealed by the 4th or any other section of the act of 1866. This decision was made at the December term, 1871. Yet, the 2d section of the act of 1823 is not found in the Revised Statutes, and, as has been shown, must be regarded as having been repealed by section 5596 of the Revised Statutes, even if it were not previously repealed. What is the effect of the omission to include it in the Revised Statutes? Section 5595 of the Revised Statutes declares, that the revision embraces the general and permanent statutes which were in force on December 1st, 1873, as revised and consolidated by the commissioners; and section 5596 declares. that all parts of acts passed prior to December 1st, 1873, which are not contained in the Revised Statutes, have been repealed or superseded by subsequent acts, or were not general and permanent in their nature, and that all acts passed prior to December 1st. 1873, no part of which is embraced in the Revised Statutes, shall not be affected or changed by the enactment of the Revised Statutes. As was pointed out by the circuit court for this district in Re Stupp [Case No. 13,563], the purport of the foregoing provision of section 5596 is, that, if any portion of a particular act is embraced in any section of the Revised Statutes, the parts of the same act which are not contained in the revision have been repealed or superseded by subsequent acts. or were not general and permanent in their nature, but that, if there be an entire permanent and general statute which was in force on the 1st of December, 1873. and no part of it is to be found in the Revised Statutes. it is to be regarded as still in force. As a portion of the act of 1823 is embraced in section 3099 of the Revised Statutes, and as the provisions of the 2d section of that act are not contained in the Revised Statutes, and as those provisions were general and permanent in their nature, it follows. that congress has declared by section 5596, that the provisions of the 2d section of the act of 1823 were repealed or superseded by a subsequent act. This declaration was made

by congress after the decision in Stockwell v. U. S. [supra] was made, and in view of that decision; because, the only subsequent provisions of law by which the 2d section of the act of 1823 could have been, or were claimed to have been, repealed or superseded, were the provisions of the 4th section of the act of 1866, in connection with the provision of the 43d section of that act, repealing all parts of acts conflicting with or supplied by the act of 1866, and the provisions of the 4th section of the act of 1866 are found embodied in section 3082 of the Revised Statutes, and, in the marginal note to that section, the case of Stockwell v. U. S., 13 Wall. [80 U. S.] 531, is referred to.

"The force of the legislative declaration contained in section 5596 of the Revised Statutes, in respect to this subject, has been recognized by the supreme court in two cases. In Murdock v. City of Memphis, 20 Wall. [87 U. S.] 590, 617, the question arose as to whether any part of the 25th section of the judiciary act of September 24, 1789 (1 Stat. 85), remained in force after the enactment of the 2d section of the act of February 5, 1867 (14 Stat. 386), or whether the later section had taken the place of the prior one, there being no express repeal of the prior one. Other provisions of the act of 1789 are incorporated in the Revised Statutes, but the 25th section of that act is not incorporated in them, and the 2d section of the act of 1867 is incorporated in them. The court came to the conclusion that the 25th section of the act of 1789 was technically repealed, and that the 2d section of the act of 1867 had taken its place, although the act of 1867 had no repealing clause, nor any express words of repeal. The opinion of the court then proceeds: 'This view is strongly supported by the consideration, that the revision of the laws of congress, passed at the last session, based upon the idea that no change in the existing law should be made, has incorporated with the Revised Statutes nothing but the 2d section of the act of 1867. Whatever might have been our abstract views of the effect of the act of 1867, we are, as to all the future cases, bound by the law as found in the Revised Statutes, by the express language of congress on that subject; and, it would be labor lost to consider any other view of the question.'

"In the case of Smythe v. Fiske, 23 Wall. [90 U. S.] 374, the supreme court, in construing certain sections of tariff acts passed in 1842 [5 Stat. 548], 1846 [9 Stat. 42], and 1864 [13 Stat. 202], refers to the manner in which those sections, as reproduced in the Revised Statutes, are worded, and says that such wording is 'a legislative declaration that such was the state of the law on the 1st of December, 1873,' that is, prior to the enactment of the Revised Statutes, and 'is necessarily a construction of the last clause of the 8th section of the act of 1864, in accordance with that which we have given to it,' and that 'it was the declared purpose of congress to collate all the statutes as they were at that date, and not to make any change in their provisions.'

"In accordance with these views it must be held, that the omission to enact in the Revised Statutes the 2d section of the act of 1823, while another portion of that act is enacted in the Revised Statutes, is a legislative declaration by congress, that, on the 1st of December, 1873, and prior to the enactment of the Revised Statutes, the 2d section of the act of 1823 was not in force, but had been repealed or superseded. It could have been repealed or superseded only by the act of 1866; and it must be held that congress has declared, by statute, that, notwithstanding the decision of the supreme court in Stockwell v. U. S. [supra], the 2d section of the act of 1823 was superseded by the act of 1866, and was not in force after the act of 1866 was enacted.

"The authority of congress to declare, by statute, the existing state of statutory law, has been recognized and upheld by the supreme court. In Bailey v. Clark, 21 Wall. [88 U. S.] 284, the question arose as to the meaning of the words 'capital employed' by banks or bankers, in the 110th section of the internal revenue act of June 30th, 1864 [13 Stat. 277], as amended by section 9 of the act of July 13, 1866 (14 Stat. 136), as applicable to questions of taxation which arose in 1869 and 1870. Congress, by section 37 of the act of June 6, 1872 (17 Stat. 256), enacted that the words 'capital employed,' in such 110th section, 'shall not include money borrowed or received from day to day, in the usual course of business, from any person not a partner of, or interested in, the said bank, association or firm.' In reference to this enactment, the court says: 'This enactment was evidently intended to remove any doubt previously existing as to the meaning of the statute, and declare its true construction and meaning. Had it been intended to apply only to cases subsequently arising, it would undoubtedly have so provided in terms.'

"The question thus presented, as to whether causes of action falling within the terms of the 2d section of the act of 1823, and which arose prior to the enactment of the Revised Statutes, on the 22d of June, 1874 [18 Stat. 186], can be prosecuted on or after the latter date, has been heretofore ruled by me in favor of such prosecution, on the ground that the supreme court had held that the act of 1866 did not repeal the 2d section of the act of 1823. But the views above presented as to the effect of section 5596 of the Revised Statutes, in the particulars referred to, were not as fully considered as they now have been. It follows, that all the odd numbered counts, in both of the declarations, must be held bad.

"As to the even numbered counts, all those in suit No. 1, and counts 2, 4, and 6 in suit No. 2, are founded on section 4 of the act of

1866, while counts 8, 10, 12 and 14 in suit No. 2 are founded on section 3082 of the Revised Statutes. These sections are substantially identical. It was decided by the supreme court, in Stockwell v. U. S., that the 4th section of the act of 1866 was designed to punish as a crime that which before had subjected an offender to only civil liability or quasi civil liability. Besides the forfeiture of the offending merchandise, the only penalty imposed is, that the offender shall be fined in a sum not exceeding $5,000. nor less than $50. or be imprisoned for any time not exceeding two years, or both. This fine is manifestly a fine not to be recovered by a civil action, but to be imposed after a conviction on a trial for a crime, as a punishment for which the court may, in its discretion, inflict imprisonment, either with or without the imposition of a fine. No such imprisonment can be inflicted as the result of a civil action.

"Moreover, this is an action of debt, and, in each of the even numbered counts, the plaintiffs claim the sum of $5,000 as a debt. But the statute does not impose a penalty or fine of $5,000, or of any other definite sum, or of any sum which can be reduced to a certainty otherwise than by the discretion of the court in fixing such sum after a verdict on a trial. There can be no verdict for any definite sum. Debt lies only when a sum certain is due to the plaintiff, or a sum which can be reduced to a certainty, so as to form the basis of a verdict in favor of the plaintiff for a sum certain.

"It follows, that all the even numbered counts are bad. The demurrers are sustained."

George Bliss, U. S. Dist. Atty.

William M. Evarts and Elihu Root, for defendants in error.

JOHNSON, Circuit Judge. After examining the case of Stockwell v. U. S., 13 Wall. [80 U. S.] 531, I am constrained to think that the supreme court did not intend to hold that the second section of the act of March 3d, 1823, there in question, was not, to any intent, repealed by the 4th section of the act of July 18th, 1866, but only that no repeal was thus effected which took away the right of the United States to proceed under the former section, upon a cause of action which arose before the act of 1866 took effect. That was the case which stood for judgment, as matter of fact, and that was the limitation stated at the end of the prevailing opinion of the court. The general tenor of the argument would seem to lead to the broader conclusion, that no repeal, in any sense, was effected by the act of 1866; but this rather strengthens the force of the limitation upon the conclusion, which was expressed, certainly not by any accidental phrase, in the opinion of the court. It is true, that we are left without any indication of the ground of the discrimination. That, however, is not necessary to be ascertained for the purpose of the present case; for, so far as the question of the repeal of the act of 1823 may be supposed to affect transactions occurring before the passage of the Revised Statutes and after that of the act of 1866, that question seems to be controlled by the provisions of the Revised Statutes. In the views expressed by Judge Blatchford, and upon the grounds stated by him on this point, I concur.

In this connection, it ought to be observed, that, quite evidently, the views expressed by Judge Blatchford were those entertained by the commissioners to revise the statutes, and by the congress which enacted them. The commissioners reported to congress, in their draft of the revision, both section 4 of the act of 1866 and section 2 of the act of 1823, consolidated into one section. Revision of the United States Statutes, as drafted by the commissioners appointed for that purpose (volume 2, p. 1480. tit. 36, c. 10, § 636). This appears to have been done by the commissioners, not because they so construed the law, but because of the supposed effect of the Stockwell Case, to which they refer in a foot-note to the proposed section. The section, as reported by the revisers, is as follows, (a note, which accompanies it, stating that the words in italics are new, and the words in brackets [parentheses] are found in the existing law, but are recommended to be omitted): "Sec. 636. If any person shall fraudulently or knowingly bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment or sale of such merchandise, after importation, knowing the same to have been imported contrary to law, *double the value of* such merchandise shall be forfeited, (and) or the offender shall, (on conviction thereof before any court of competent jurisdiction, be fined in any sum not exceeding five thousand dollars, nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both, at the discretion of such court) *be punishable by a fine of not more than five thousand dollars nor less than fifty dollars, or by imprisonment for not more than two years, or both.*" The revisers' foot-note to this section is as follows: "Section 2 of the act of March 3, 1823, c. 583 (3 Stat. 781), is substantially incorporated in the text, pursuant to the decision in [Stockwell v. U. S.] 13 Wall. [80 U. S.] 531. It provided 'that, if any person or persons shall receive, conceal, or buy any goods, wares or merchandise, knowing them to have been illegally imported into the United States, and liable to seizure by virtue of any act in relation to the revenue, such person or persons shall, on conviction thereof, forfeit and pay a sum double the amount or value of the goods, wares or merchandise so received, concealed or purchased.'" Congress, with the whole subject thus fully spread before it, and the question of the scope and ef-

fect of the decision in the Stockwell Case thus fairly and formally presented, struck out from this proposed section all that was incorporated into it from the act of 1823, and left in section 3082 of the Revised Statutes only the provisions of the act of 1866, with slight verbal alterations.

Upon the other sets of counts, I do not think it necessary to add anything. The judgment must be affirmed.

[This case was subsequently carried by writ of error to the supreme court, which affirmed the judgment of this court. 97 U. S. 546.]